UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Ex Parte Application of Valeska Sigren Bindhoff for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 2:24-mc-00105-MEMF-MAA<br><br>**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the ex parte application to take discovery pursuant to 28 U.S.C. § 1782, ECF No. 1 ("Ex Parte Application"), the related filings and submissions, other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ECF No. 11.

The time for filing objections has expired, and no objections have been made.

The Report and Recommendation of the Magistrate Judge is ACCEPTED IN PART. As discussed in the Report and Recommendation, the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), set forth a number of factors that courts should consider in determining whether to exercise its discretion to grant an application for discovery under 28 U.S.C. § 1782. *Id.* at 264 ("As earlier emphasized, a district court is not required to grant a § 1782(a)

discovery application simply because it has the authority to do so. We note below factors that *bear consideration* in ruling on a § 1782(a) request.") (citations omitted). The Supreme Court did not indicate that any of the factors were required to be considered, or that any were dispositive, nor did it dictate how heavily a district court should weigh any individual factor.

The Court departs from the recommendation of the Magistrate Judge with respect to the weighing of the discretionary factors concerning Request No.1. The first factor identified by the Supreme Court was whether the person from whom discovery is sought is a party to the foreign proceeding. In *Intel*, the Supreme Court stated:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

*Id.* at 264. The Supreme Court did not, however, indicate that an application should not be granted under these circumstances. The Court accepts that many courts focus on the question of whether the discovery sought is available in the foreign forum. *See* R. & R. at 13–15. Be that as it may, the Court finds that the fact of whether the discovery sought is available in the foreign forum should be of limited importance given that *Intel* itself makes it clear—in discussing the statutory requirements for a Section 1782 application—that the statute does not "limit[] a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there," *id.* at 260, nor does it indicate that the applicant "must show that United States law would allow discovery in domestic litigation analogous to the foreign proceeding," *id.* at 263. This Court therefore finds that whether the material could be discovered in the foreign jurisdiction should not weigh particularly heavily in the analysis here. Given that all the other factors weigh in favor of granting the Application, the Court finds that even if the

first factor weighs in favor of denying the Application, the factors as a whole weigh in favor of granting the Application with respect to Request No. 1.

IT THEREFORE IS ORDERED that:

(1) the Report and Recommendation of the Magistrate Judge is **ACCEPTED IN PART**; and

(2) the Ex Parte Application is **GRANTED in part** and **DENIED in part** as follows:

    a. AUTHORIZING issuance and service of the Proposed Subpoenas as to Requests Nos. 1, 2 and 3 only, which shall be re-written as follows:

        <u>Request No. 1</u>: Communications between [AB] and any employee, officer, or director at Lombard Odier, including all emails with the handle "@lombardodier.com" regarding the Joint Account, [Applicant], and/or the [Trusts'] Distributions;

        <u>Request No. 2</u>: Communications between [AB] and Marc Genet regarding the Joint Account, [Applicant], and/or the [Trusts'] Distributions; and

        <u>Request No. 3</u>: Communications between [AB] and Emma Lombardini, or any other member of the law firm Poncet Turretini Avocats with the email handle "@ptan.ch," regarding the Joint Account, [Applicant], and/or the [Trusts'] Distributions, (hereinafter, the "District Court Authorized Subpoenas"), without prejudice to AB or any person affected by the District Court Authorized Subpoenas contesting the District Court Authorized Subpoenas to the extent permitted by the Federal Rules of Civil Procedure. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219 (finding that Section 1782 applications are permitted on an ex parte basis because

witnesses may raise objections and assert their due process rights by moving to quash the subpoenas). In this regard:

    i. AB or any person affected by the District Court Authorized Subpoenas shall have forty-five (45) calendar days from the date of service of the District Court Authorized Subpoena to file any motions in this Court to contest one or both of the District Court Authorized Subpoenas, which date may be extended by agreement of the parties or order of the Court.

    ii. To allow for such motions, the return date on the District Court Authorized Subpoenas must be set at least forty-six (46) days after the date of its service.

    iii. The obligation of AB to respond to a specific District Court Authorized Subpoena is automatically stayed upon the filing of any motion contesting that specific District Court Authorized Subpoena and such stay shall remain in effect until such motion is resolved.

    iv. The Court reminds any person contesting the District Court Authorized Subpoena(s) of his or her obligation to comply with Central District of California Local Civil Rule 37 and Judge Audero's discovery dispute resolution process before resorting to motion practice in connection with the District Court Authorized Subpoena(s). See C.D. Cal. L.R. 37; http://www.cacd.uscourts.gov/honorable-maria-audero.

b. PROHIBITING issuance and service of the Proposed Subpoenas as to Requests Nos. 4 and 5; and

c. ORDERING Applicants to serve a copy of this Order on AB together with service of the District Court Authorized Subpoena(s).

DATED: February 5, 2025

_____
Maame Ewusi-Mensah Frimpong
UNITED STATES DISTRICT JUDGE

5